### FRANZISKA SWARTWOOD v. JEROME E. SAGE.
#### No. 13,469.   (75 Pac. 508.)

Error from Rawlins district court; JOHN R. HAMILTON, judge.   Opinion filed February 6, 1904.   Affirmed.

*J. P. Noble,* for plaintiff in error.
*Albert Hemming, J. T. McClure,* and *Fred Robertson,* of counsel, for defendant in error.

*Per Curiam:* Jerome E. Sage recovered judgment in the district court upon a note and mortgage executed by Helmuth Weber and wife.   Weber had died before the action was brought, and his heirs, some of whom were minors, were made defendants.   The guardian of the minors was also made a defendant in that capacity.   No guardian *ad litem* was appointed.

The only argument presented for reversing the judgment is based upon the claim that, under such circumstances, it was necessary for the plaintiff to prove the

52—68 KAN.

execution of the note and mortgage, although their execution was not denied under oath. In support of this contention, plaintiff in error cites *Neil, Adm'x, v. Case & Co.,* 25 Kan. 510, 37 Am. Rep. 259, and *Bryant v. Stainbrook,* 40 id. 356, 19 Pac. 917. These cases have no bearing on the matter. They merely hold that, in actions brought to the district court on appeal from the probate court, no new pleadings being filed, the code provision that allegations of the execution of written instruments are taken as true unless denied under oath, does not apply, because the practice followed is that of the probate court. It is true that an answer of a guardian defending for a minor is not required to be verified (Code, § 109; Gen. Stat. 1901, § 4543), but this point is not raised by plaintiff in error, and neither the minors nor their guardian (in that capacity) are made parties in this court. Moreover, the answer filed by the defendants did not deny the execution of the note and mortgage under oath, or otherwise, but rather admitted it. The statute requires a guardian *ad litem* to file a general denial (Code, § 101; Gen. Stat. 1901, § 4535), and it is error to try a case against a minor without such a pleading. (*Brenner v. Bigelow,* 8 Kan. 496.) But, as already stated, no such question is here presented, and the omission is not a jurisdictional defect. (*Walkenhorst v. Lewis,* 24 Kan. 420.)

The judgment is affirmed.