No. 30,544.

JENNIE STERLING, *Appellant*, v. JOE E. GOULDEN and INEZ GOULDEN, *Appellees*.

(12 P. 2d 812.)

Opinion filed July 9, 1932.

*H. S. Hines,* of Arkansas City, for the appellant.
*Hattie Franey* and *Earl Knight,* both of Arkansas City, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the plaintiff, a landowner, from a judgment against her and in favor of the defendants, her tenants under a written lease, for damages sustained by them by being ejected from the leased premises by the landowner and by her failure and refusal to comply with her part of the contract and for their loss of earnings and profits under their lease contract.

The plaintiff was the owner of a large tract of land in Cowley county used for farming and grazing, which was reasonably well

stocked and equipped, and on September 28, 1929, entered into a lease contract with the defendants, husband and wife, to farm the land, make needed repairs, care for the live stock and share in the crops and increase of the live stock. On May 20, 1930, less than eight months thereafter, this action was commenced by the owner to cancel the lease because of the neglect and failure of the defendants to perform their duties as required by the contract and to recover damages suffered by her on account of their negligence during that time. At the time of filing the petition plaintiff also filed a verified application for a restraining order and an injunction because of the waste and neglect of the defendants and their insolvency and procured on proper notice, hearing and bond an order restraining defendants from further occupying the premises or using any part of it or interfering with others thereon. Defendants filed an answer in the form of a general denial and later they filed a cross petition alleging damages, and judgment was rendered thereon from which plaintiff appeals, assigning many errors. About a month after the judgment was rendered the plaintiff was adjudged to be incompetent and a guardian was appointed for her, and by permission of the trial court he was substituted for her and directed to conduct this appeal.

A preliminary question is presented by the guardian filing in this court a motion to set aside the judgment rendered in the district court as absolutely void because of the incompetency of the plaintiff against whom it was rendered, not only at the time it was rendered but for a long time prior thereto, as shown by the finding and judgment in the probate court, copies of which are attached to the motion. Counsel for the guardian cites several cases holding that this court has jurisdiction since the appeal, rather than the district court. It may be conceded that this is the court, since the appeal, that has the jurisdiction and could set the judgment aside if it were void, but the authorities cited fail to show that a judgment so rendered is void. A judgment rendered against a person afterwards adjudged to be insane is not void unless there should be a statute so providing.

"Since an insane person has capacity to sue, a judgment is not invalid merely because plaintiff was insane at the time it was rendered." (32 C. J. 788.)

"An adjudication of the insanity of a judgment debtor does not render dormant a judgment rendered against him before such adjudication, and the guardian may be properly substituted as defendant in the cause in which the judgment was rendered." (*Cooper v. Greenleaf*, 84 Kan. 499, syl. ¶ 2, 114 Pac.

1086. See, also, *Peterson v. Peterson,* 121 Kan. 212, 246 Pac. 506; R. S. 39-225; 14 R. C. L. 615; 32 C. J. 762; *Gribben, Guardian, v. Maxwell,* 34 Kan. 8, 7 Pac. 631; and 1 Freeman on Judgments, 5th ed., § 405.)

Appellant cites *Brown v. Galena Mining and Smelting Co.,* 32 Kan. 528, 4 Pac. 1013, and *Jones v. Ross,* 48 Kan. 474, 29 Pac. 680, in support of her contention that an action for damages on account of an injunction or restraining order does not accrue until final judgment is rendered in the injunction proceeding, and the action of the defendants herein to recover on their cross petition is prematurely brought, as final determination has not yet been reached in the injunction matter. This is not a debatable question, but plaintiff is not in a position to urge this rule, for the record shows that the defendants had only filed a general denial and had made no claim for damages when in the opening statement of their case to the jury reference was made by their attorney to the fact that they would later urge their claim on the injunction bond for damages. Plaintiff's attorney interrupted and insisted that if there were to be any claims for damages by the defendants they should be asserted at once and in this same action in order to avoid further litigation. The trial court concurred in that demand and made an order that the defendants file their cross petition for whatever damages they might claim to have by reason of their claims against the plaintiff for alleged breach of contract and "damages claimed for wrongful issuance of the restraining order and injunction." Defendants then filed their cross petition, and after a short delay the trial proceeded to the determination above stated. This confusion was probably occasioned by the fact of there being different attorneys representing the plaintiff on the appeal from those on the trial, but plainly the plaintiff cannot now urge this as error or the cross petition as premature on the part of the defendants after urging the court to make the order.

Appellant assigns error in the overruling of the motion to strike out of the cross petition the fifth, sixth, seventh and eighth grounds for damages and overruling the demurrer of the plaintiff to the cross petition for the reason that those grounds are redundant and irrelevant and do not constitute a cause of action. The fifth and sixth grounds refer to an alleged breach of the lease contract by the plaintiff in various ways and the resultant damages. The seventh and eighth grounds refer to items of loss and damage incurred by being ejected and deprived of the occupancy of the premises by the action

of the plaintiff—all of them certainly proper elements of damage, even the seventh and eighth when the premature feature is out of the way.

Error is assigned in permitting evidence to be introduced by the defendants as to a chattel mortgage given plaintiff by defendants and evidence of the reputation of plaintiff for not furnishing sufficient feed for her cattle and work horses. The opening statement of plaintiff mentioned plaintiff's position concerning the chattel mortgage, and it is claimed the testimony of the defendants concerning that subject was pertinent and necessary to correct some of those statements. Evidence of the reputation of plaintiff for not furnishing her stock sufficient feed was, of course, not proper, but the subsequent explanation of the answers given by some of the witnesses showed they were not in fact giving evidence of what others had told them, but just what they had themselves seen. Under these circumstances the form of the question should not alone make the statement objectionable. Besides, the record does not show objections as having been made where no such explanation was made by the witnesses.

Appellant requested the giving of an instruction to the effect that even if it was the duty of the plaintiff under the lease to furnish sufficient feed for the stock, yet if she failed to do so defendants had the right to furnish it themselves, and their failure to do so estopped them from claiming damages for her breach of contract. The contract makes no such provision, and such would not seem to be the general rule governing such neglect on the part of the plaintiff.

We find no reversible error in the proceedings, nor error in overruling the motion for a new trial. The judgment as rendered in favor of the defendants made no mention of the canceling of the contract or the injunction feature involved.

The judgment is affirmed.