No. 31,618

THE FIDELITY STATE BANK, *Appellee*, v. WILLIAM KIRK et al., *Defendants* (MARY O. FLORA et al., *Appellants*. IRIS TANKERSLEY, a Minor, *Cross Appellant*).

(32 P. 2d 239.)

Opinion filed May 5, 1934.

*Melvin E. Buck,* of Kansas City, for the appellants and cross appellees.

*Blake A. Williamson, Thomas E. Joyce,* both of Kansas City, and *W. M. Beall,* of Clay Center, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from an order setting aside a judgment in an action to foreclose a mortgage on a residential property in Kansas City and a cross appeal from the limitations which the trial court placed in its order pertaining thereto.

So far as pertinent the material facts appear to have been as follows:

Some years ago, Ida May Kirk and William Mitchell Kirk were the owners of the property of present concern. To secure some indebtedness, amount not shown, they executed a mortgage on this property. Later first one and then the other of these mortgagors died, and on May 26, 1932, plaintiff instituted foreclosure proceedings, presumably for default of payment of principal, interest or taxes, or all three. Some of the parties whose names appear in the caption as defendants were served personally with summons. Defendants C. W. Tankersley and his daughter Iris Tankersley, a minor, who was also a daughter of a deceased daughter of the mortgagors, were residents of Clay county, and summons for them was sent to the sheriff of that county, but the service made by that officer was invalid in so far as it concerned Iris Tankersley. All of the defendants were likewise served with summons by publication—for whatever such service may have been worth under the circumstances.

On July 30, 1932, in default of any appearances or answer, the trial court rendered a *personal* judgment for $866 and interest *against the two deceased mortgagors.* It also found that all the defendants had been duly served with summons, and that any interest they had in the property was inferior to that of the plaintiff mortgagee. Another finding reads:

"The court further finds that the property has been abandoned by said defendants and each of them and that the same is going to waste and that the period of redemption should be reduced to six (6) months."

Judgment in foreclosure was rendered accordingly, and on September 13, 1932, the property was sold for $1,029.52 to Mary O. Flora and Lane G. Flora; and this sale was confirmed on September 19, 1932.

On March 13, 1933, the defendant Iris Tankersley, a minor, by her father and next friend, filed a verified motion for an order extending the time to redeem, her grounds therefor being that she had not been served with summons except by publication, that she had no notice and no actual knowledge that the property was being foreclosed in time to make her defense to plaintiff's cause of action; that she was a minor and no guardian *ad litem* had been appointed for her; that she was a resident of Clay Center; that the period of redemption had been erroneously fixed at six months when it should have been eighteen months, for the reason that the property was worth over $3,500 and the mortgage foreclosed had not been given for purchase money. Her verified motion also alleged that she had money and means to redeem the property, but that owing to the banking holiday proclaimed by the president and the governor she could not draw out her money from the bank and would be unable to do so for some time. She prayed for ninety days' time to redeem. On the same day, March 13, 1933, the trial court extended the time for thirty days.

The foregoing motion had been hurriedly prepared on the last day of the six-months redemption period prescribed in the judgment of foreclosure; but as soon as counsel for the defendant minor became fully apprised of all the relevant facts, on March 24, 1933, he filed a petition to vacate and set aside the judgment for the reason that not only herself but three of her codefendants were minors and that no guardian *ad litem* had been appointed for them or either of them, and that none of the four minors had been properly served with summons; that Ida Kirk had died on September 30, 1928, and William Kirk had died on April 10, 1931, and that notwithstanding their deaths and without personal service upon their executors or administrators, a personal judgment had been rendered against them; that this minor petitioner had an undivided one-eighth interest in the property as heir at law of Ida and William Kirk, her deceased grandparents, and that she had the means to redeem the property from the sale in foreclosure, and that she made this application—

"So that the defects in the title to said real property caused by erroneous proceedings in this action be cured and corrected so that this defendant may secure a marketable title to said real estate."

The recital in the original judgment that the property had been abandoned was wholly erroneous, and apparently had been incor-

porated in the recitals of the judgment *pro forma* and without evidence. In the proceedings to vacate the judgment it was clearly shown and without dispute that a daughter of the mortgagors had resided in the property for some years until February, 1932, at which time she rented a room for herself across the street, but that she had left her household furniture and other personalty in the house, and rented it to a tenant ready furnished; that this tenant was occupying the property at the time the foreclosure suit was instituted and at the time judgment was taken; that this tenant vacated the premises on August 15, following which the affiant papered the front room and hall and installed a hot-water heater and then rented the property to another tenant for $20 per month and the latter was still in possession. Affiant also alleged that by quitclaim deed of April 8, 1933, she had transferred her interest in the property to her niece, Iris Tankersley, the petitioning defendant herein.

On April 18, 1933, the matters urged to vacate the judgment came on for hearing. The record reads:

"And the court after hearing the evidence and arguments of counsel and being well and fully advised in the premises, doth find that the defendant, Iris Tankersley, was not served with summons in accordance with the statutes of this state and had not entered such appearance as would waive the service of summons; that no guardian *ad litem* had been appointed for her; and that the judgment of this court made and entered on July 30, 1932, foreclosing the mortgages described in plaintiff's petition, so far as it affects the defendant, Iris Tankersley, is void and of no legal effect and should be vacated and set aside. That the sale of the property by the sheriff should not be set aside or vacated."

Mary O. Flora and Lane G. Flora, purchasers at the foreclosure sale, moved to reconsider. This was denied and they appeal. The defendant likewise appeals because the foreclosure sale was not set aside altogether.

Appellants first make the point that the filing of the motion of Iris Tankersley, minor, for an extension of time to redeem had the effect of a general appearance by her, notwithstanding she had not been properly served with summons, and in consequence the judgment as to her was voidable only and not void. It may be conceded that the effect of her motion was equivalent to a general appearance; but we cannot discern how such general appearance cured a void judgment, or estopped her to attack the voidable judgment if such it was rather than one wholly void.

It is elementary law that the rights of property of minors cannot

be snuffed out in litigation unless a guardian *ad litem* is appointed to protect their interest.

Appellants urge the point that the petition and motion to vacate and set aside the judgment was insufficient in that it did not state any defense to plaintiff's action. We think it did. It revealed her interest in the property, and the interest of the relatives who were also minors, and raised the vital point that none of them had been represented by guardians *ad litem*. She also alleged the fact that the trial court had been flagrantly imposed upon, to her detriment and that of her minor codefendants, when the judgment roll had been made to recite that the property had been abandoned. This minor also had such an interest in the property as entitled her to defend against plaintiff's action to subject her *deceased* grandparents to a personal judgment—not that such a judgment would have any validity, but because of the possibility that it would cloud their estates and in turn affect herself as one of their heirs. She also had an interest in the sort of judgment to be rendered in the action because of her right to redeem the property from a valid and regular foreclosure sale; and it was alleged and not controverted that she had the funds to redeem the property and was disposed to do so; and as heir and intending redemptioner she was entitled to defend against a foreclosure proceeding where the rights of her codefendants, who were minors like herself, were being ignored and sacrificed— with the consequent hazard of future litigation over their respective interests if and when she should exercise her right to redeem.

In view of the foregoing, it seems clear that appellants have no substantial grievance for appellate correction, but the cross-appellant does have a just ground of complaint with the situation in which the judgment, the foreclosure sale, and the limitation of her rights have been left by the ruling of the trial court; and the only practical way in which these matters can be straightened out is to remand the cause to the trial court with instructions to set aside the foreclosure sale and to set aside the judgment and for such further proceedings as will adequately protect the rights of all parties concerned, including, of course, the financial interest of appellants as purchasers at the sale on September 13, 1932.

It is so ordered.