No. 32,094

THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, *Appellant*, v. MYRTLE B. VANDEVENTER and CHRISTOPHER VANDEVENTER, *Appellees* and *Cross Appellants*; K. MAX DAVISSON, Trustee, MARGARET DAVISSON and MABELLE VANDEVENTER, *Appellees*.

(44 P. 2d 251)

filed May 4, 1935. Opinion

O. R. *Stites, Jay Sullivan* and *A. H. Lakin,* all of Emporia, for the appellant.
R. C. *Postlethwaite* and *Max White,* both of Mankato, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action on a promissory note and to foreclose a mortgage. Judgment on the note was given for plaintiff. The court refused to foreclose the mortgage on the fee-simple estate, but rendered a decree of foreclosure against a life estate on the land in question. From this judgment plaintiff appeals.

The petition set out the note, and a mortgage on 400 acres of land in Jewell county securing it, and alleged a default in payments.

The defendants answered admitting the execution of the note and mortgage and the default. The answer further stated that Myrtle Vandeventer and Christopher Vandeventer, the mortgagors, did not have title to the land at the time of the execution of the instruments and that prior to May 13, 1913, the fee title to the land in question was held by Ira Vandeventer; that he died testate May 28, 1913, and by his will left a life estate in the land in question to Christopher Vandeventer, with the power to devise it by will to his heirs without the power to alienate or encumber; that this will was admitted to probate and plaintiff knew the conditions of it.

The answer further alleged that on account of these restrictions neither of defendants had any power to make a valid mortgage.

Margaret Davisson and Mabelle Vandeventer asked and were given leave to be made parties defendant. They are children of Christopher and Myrtle Vandeventer. They denied all the allegations of the petition except what were admitted in the answer of their father and mother. They also filed a cross petition in which they alleged the facts about as had been alleged in the answer of their father and mother, and that the will of Ira Vandeventer devised the remainder of the estate in the land in question to them as the heirs of Christopher Vandeventer. They prayed for a decree quieting their title to the land against the plaintiff.

The plaintiff replied to the answer of Christopher Vandeventer and Myrtle Vandeventer and answered the cross petition of Margaret Davisson and Mabelle Vandeventer, setting up the pleadings and judgment in another action had in 1925 in the district court of Jewell county. Plaintiff alleged that on December 19, 1924, an action was filed in the district court of Jewell county in which Myrtle Vandeventer was plaintiff and Christopher Vandeventer, her husband, and Margaret Vandeventer (now Margaret Davisson) and Mabelle Vandeventer, both minors, were defendants; and that in this action the plaintiff alleged that she was the owner in fee simple of the lands; that a guardian *ad litem* for the minors was appointed by the court; that the guardian for the minors filed an answer in that action denying the allegations of the petition of plaintiff; and that at a trial the minors were represented by counsel and the court heard the case and rendered judgment; that under the terms of the will of Ira Vandeventer, Christopher Vandeventer had full power to divest himself of any estate he had in the lands in question and that since the commencement of that action he had exercised such power by conveying it to Myrtle B. Vandeventer, and that she was in actual possession of the premises and the owner thereof in fee simple; and that the judgment barred Margaret and Mabelle and all others whom they may represent from any right or title in the land.

The defendants in reply to the new ·matter set up in the pleadings of plaintiff alleged that the judgment of the court in the former action, awarding to Myrtle Vandeventer fee-simple title to the lands in question, was void for the following reasons:

"1. That the remaindermen created by the last will and testament of Ira Vandeventer, deceased, are contingent and are not now known and cannot be known until the death of Christopher Vandeventer.

"2. That in 1925 the district court of Jewell county did not have before it the necessary parties to determine the ownership of the fee-simple title to the lands in controversy.

"3. That the court was without jurisdiction by reason of the lack of proper parties and proper pleadings to enter any judgment in 1925 vesting fee-simple title to the lands in controversy in the plaintiff therein, Myrtle Vandeventer.

"4. That none of the instruments executed by parties to that suit, copies of which are attached to the supplementary petition of the plaintiff, Myrtle Vandeventer, filed therein constituted a legal and valid exercise of the power of appointment delegated to Christopher Vandeventer by the will of his father; and that said instruments so executed were made for the sole and only purpose of enhancing the title of Christopher Vandeventer in and to the lands involved in this controversy and to make them available for the security of his own indebtedness due the State Exchange Bank of Mankato, Kan.

"5. That a subsequent exercise of the power of appointment made by Christopher Vandeventer in 1932 revoked, canceled, and set aside all previous wills made by him, including those referred to in the pleadings in the former suit.

"6. That in the prosecution of said case in the district court of Jewell county, Kansas, in 1924 and 1925, the plaintiff therein and her attorneys in the handling of said case were guilty of extrinsic fraud upon the rights of these defendants, in that the court was not informed of the issues presented by the pleadings nor of the judgment to be entered; that the guardian *ad litem* in fact represented parties to said suit adverse to the rights of the minors and permitted a judgment to be entered which was not authorized by the pleadings or the evidence produced."

The case was tried before the court. The court found that the plaintiff was entitled to judgment against Myrtle B. Vandeventer and Christopher Vandeventer for the amount of the notes and interest, and that the indebtedness was a first lien upon their interest in the real estate in question, and that this interest was a life estate only. The court further found that the allegations of Margaret Davisson and Mabelle Vandeventer in their answer and cross petition were true, and that judgment should be rendered against the plaintiff, quieting the title of these two parties to the fee-simple title to the land. Judgment was entered accordingly. From the judgment limiting the lien of plaintiff to the life estate plaintiff appeals, and from the judgment allowing the lien on the life estate defendants, Myrtle B. Vandeventer and Christopher Vandeventer, appeal.

The plaintiff urges here that the former judgment settled the right of Christopher Vandeventer and Myrtle Vandeventer to execute the mortgage in question; that the judgment was not void; that the attack on it in this case is a collateral one and must fail.

We will examine the record in that case. Prior to 1913 the title

to the real estate in question was in Ira Vandeventer. He bequeathed a life estate in it to Christopher Vandeventer. The portion of the will with which we are concerned reads as follows:

"I hereby will and devise to my beloved and only son, Christopher Vandeventer, for his natural life time, and after his death to his heirs and assigns, the following described real estate, to wit:

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"To have and to hold the premises above described, together with all the hereditaments and appurtenances thereunto belonging or in anywise pertaining to the said Christopher Vandeventer, during his natural life time, but without the power to sell, assign, transfer or incumber, except as to the rents and income thereof, and afterwards to the heirs of the said Christopher Vandeventer, in absolute fee simple forever as he may will and devise, or, as the laws of descent and distribution of the state of Kansas may provide in case the said Christopher Vandeventer, my son, should die intestate."

Ira Vandeventer died May 13, 1913, and the will was admitted to probate. Christopher immediately took possession of the land.

Prior to November, 1924, Christopher Vandeventer and his wife became indebted to the State Exchange Bank at Mankato on notes for about $6,000. On November 4, 1924, Christopher Vandeventer and Myrtle Vandeventer entered into a post-nuptial contract between themselves. By the terms of this contract Christopher agreed to devise to Myrtle the land in question here and Myrtle agreed to devise her lands to Christopher, the contract to serve as a settlement of the marital rights of both parties.

Christopher then executed a will in which he devised the real estate in question to his daughter, Margaret, in violation of the terms of the above contract. Myrtle then filed an action against Christopher and Margaret and Mabelle, minors, and all those whom they might represent. In that case Myrtle filed a supplemental petition. In this she alleged that Christopher, in violation of his contract with her, had executed the will just referred to; that this last mentioned will was revocable; and that subsequent to the filing of her original petition Christopher had complied with the terms of the contract by executing his last will and testament, devising the land in question to her; that this will was contractual in character, was based upon a sufficient consideration, and constituted a valid and irrevocable exercise of the power devised to Christopher Vandeventer by Ira Vandeventer. She also alleged in her petition that Christopher had executed a deed by which he had relinquished to her his life estate in the land in question and had delegated to her his power of appointment and that by reason thereof she was seized with a

fee-simple title to the land in question. In that action Myrtle asked that she be decreed to be the owner in fee simple of the real estate in question and that her title as against Christopher Vandeventer, Margaret Vandeventer and Mabelle Vandeventer and all persons or classes whom they represented be quieted.

A guardian *ad litem* was appointed for the minors. This guardian answered denying generally the allegations of the petition. The answer further alleged that the minors and the class which they represented were the owners of an undivided one-half interest in the remainder in the land. The prayer of the answer was that this title should be established and that it should be allotted to them by judgment.

Christopher answered in that case setting out the facts about as they have been given here. He alleged that on the death of his father the fee-simple title to the land immediately vested in him, and that any limitation on his power to dispose of it was of no effect. He prayed that the will be construed and that the rights of all parties be settled.

With the issues thus made up the case was tried. The trial court made findings of fact and conclusions of law. The final judgment was that Myrtle Vandeventer was the owner in fee simple of the land, and that Christopher, Margaret and Mabelle, and all others whom they virtually represented, had no interest in the land. The title was quieted in Myrtle. No appeal was ever taken from this judgment. Shortly after that judgment was rendered a mortgage was executed to the Mankato bank. Several months thereafter a mortgage to plaintiff was executed. This action is brought to foreclose that mortgage.

The plaintiff in this action relies on the judgment which has just been described to confer sufficient title on Myrtle and Christopher to enable them to execute a valid mortgage on the fee-simple estate. Defendants claim that this judgment was void and that Myrtle and Christopher had no such title.

There can be no doubt that the attack made in this action on the former judgment is a collateral one. It is so well settled as not to require citation of authorities that a collateral attack cannot be made on a judgment unless it is void. (See *Chicago, R. I. & P. Rly. Co. v. Ford County Comm'rs*, 138 Kan. 516, 27 P. 2d 229.)

We will consider this question.

It is the contention of defendants that the instruments that were

passed on by the court in that case, by which Christopher Vande-venter exercised the power of appointment, and to vest the title to the land in the plaintiff in the former section, were void, and that the pleadings in that action did not present to the trial court any issue which conferred on the court jurisdiction to render any judgment affecting the fee-simple title to the land in question, and that any judgment affecting the fee-simple title to the land was outside the issues in that case. The argument is that since the judgment would have been otherwise had the infirmities in the instruments passed on in that case been called to the attention of the trial court, the judgment must of necessity be void. We cannot agree with that contention. Where a court had jurisdiction of the parties and of the subject matter of the action, the judgment is not void. (See *Goodman v. Cretcher,* 132 Kan. 142, 294 Pac. 868; also, *Wyandotte County v. Investment Co.,* 80 Kan. 492, 103 Pac. 996, and cases cited.)

We see nothing in the record in the former case which would operate to cause the rule announced in the above authorities to be not applicable here. The vigorous argument of defendants that the instruments passed on in that case could not have had the effect given them by the trial court is not in point. All the points raised in the present case against the validity of these transactions were raised by the pleadings in the former action. If this court should hold here that the former case did not settle the title to the land, then it is difficult to see why in a subsequent action a party could not question the title established in this action. Under such a condition the title to real estate would never be certain. There is abundant reason for the rule laid down in 34 C. J. 537. There it is said:

"In the case of a collateral attack upon a domestic judgment of a court of general jurisdiction by a party thereto every reasonable presumption is indulged to support the judgment, and the burden is upon a party collaterally attacking a judgment to establish its invalidity. It will be presumed in such a case that the court had jurisdiction both of the subject matter and of the person, and that all the facts necessary to give the court jurisdiction to render the particular judgment were duly found, except where the contrary affirmatively appears."

Defendants point out that Margaret Davisson and Mabelle Van-deventer were minors when the former action was filed and judgment rendered, and did not become of age until a short time before this action was filed. They argue that this fact gives them a reason

for questioning the judgment. When the action was filed a guardian *ad litem* for these two minors was appointed by the court to safeguard their interests. This was in conformity with the provisions of R. S. 60-408 and 60-409. This guardian filed an answer on behalf of these minors and the class which they represented. This court has held that a failure to name a guardian *ad litem* under this statute for minors who were parties to an action would render the judgment voidable and not void. (See *Walkenhorst v. Lewis*, 24 Kan. 420; *Clevenger v. Figley*, 68 Kan. 699, 75 Pac. 1001; *Swartwood v. Sage*, 68 Kan. 817, 75 Pac. 508.) There is much more reason where, as in this case, a guardian *ad litem* is named, to hold that the judgment is not void, because the defense is made by the guardian. This rule does not work any hardship on a minor since under the provisions of R. S. 60-3121 any minor against whom a judgment has been rendered before he has attained his majority may question the judgment within a year after he attains his majority. This record does not show that any such action was taken by either one of the minors who are questioning the former judgment here.

The defendants argue further that the findings of the trial court amount to a finding that the action of counsel in the former action prevented the court from ascertaining what issues were presented by the pleadings. The facts are that a member of the firm to which the attorney who drew the petition belonged was appointed guardian *ad litem* and prepared most of the pleadings. We have examined the record in both cases. There was nothing that might have been brought to the attention of the trial court in the former case to which its attention was not directed. There was no new fact called to the attention of the trial court in this case bearing on the title to the real estate of which the trial court had not been advised on the trial of the former case. We see no reason for holding this judgment void on account of conduct of counsel.

In view of what has been said here, it will not be necessary to deal with the cross appeal. The judgment of the trial court limiting the lien of plaintiff to the life estate of Christopher Vandeventer is reversed, with directions to grant plaintiff a lien on the fee-simple title of the land.