No. 38,240

MURRAY H. HODGES and JOHN ANDERSON, JR., Co-guardians of the Estate of JACKSON K. HURD, Incompetent, *Appellants*, v. PHOENIX MUTUAL LIFE INSURANCE COMPANY, a Corporation; M. R. SMITH; L. A. BILLINGS, JR., Sheriff of Johnson County, Kansas, and HELEN HUDELSON, Register of Deeds, of Johnson County, Kansas, *Appellees*.

(233 P. 2d 501)

Opinion filed July 3, 1951.

*John F. Eberhardt*, of Wichita, argued the cause for the appellants and *Murray H. Hodges* and *John Anderson, Jr.*, both of Olathe, were with him on the briefs as attorneys pro se.

*W. C. Jones*, of Olathe, argued the cause, and *Howard R. Payne*, of Olathe, was with him on the briefs for M. R. Smith, appellee.

*George H. Gangwere*, of Kansas City, Missouri, argued the cause, and *Neal Hambleton*, of Olathe, was with him on the briefs for Phoenix Mutual Life Insurance Company, appellee; *Samuel D. Newkirk, Chas. M. Blackmar, Henry L. Eager, Thomas C. Swanson* and *Kenneth E. Midgley*, all of Kansas City, Missouri, of counsel.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from orders of the district court sustaining separate demurrers of defendants, Phoenix Mutual Life In-

surance Company and M. R. Smith, to an amended petition and a motion to vacate a restraining order in an action instituted by legally appointed guardians of an incompetent person to vacate a mortgage foreclosure judgment and nullify the force, effect, and results of subsequent incidental proceedings.

Sometime prior to the year 1948 Jackson K. Hurd acquired and became the owner and record title holder of certain real estate in Johnson county, consisting of a residence and three acres of land, subject to a first mortgage executed by his immediate grantor to the defendant Insurance Company, which property he occupied as his home on all dates here in question.

On February 9, 1948, an action was instituted by the Insurance Company against Hurd, in the district court of Johnson county, to foreclose this mortgage, then in default; summons was issued for service on Hurd which, according to the return of the Sheriff, showed personal service on the same date the action was commenced; thereafter and on March 15, 1948, no answer having been filed, the court granted judgment *in rem* foreclosing the mortgage and ordering the property sold, subject to an eighteen months redemption period, to satisfy the indebtedness secured by the mortgage, amounting to $7,971.10 plus interest and costs; subsequently on June 21, 1948, pursuant to an order of sale that was regular on its face, the property was sold by the sheriff of Johnson county to defendant Smith for $10,000, he being the highest bidder therefor. On June 29, 1948, this sale was confirmed. December 21, 1949, the period fixed for redemption having expired without payment of the amount found to be due under terms of the judgment, a Writ of Assistance was issued directing the sheriff of Johnson county to place Smith in possession; this writ was not executed and thereafter an alias Writ of Assistance was issued to the same officer which was still in his hands unexecuted on the date of the filing of the instant action.

On February 17, 1950, Hurd was adjudicated an incompetent in the probate court of Johnson county and plaintiffs, Murray H. Hodges and John Anderson, Jr., were appointed coguardians of his estate; thereafter on April 5, 1950, plaintiffs who, in their capacity as coguardians, had caused this action to be commenced by the filing of a petition and service of summons upon the defendants heretofore named, as well as certain public officials not here involved, filed their amended petition wherein they prayed for the relief heretofore indicated and for certain other orders designed to

stay further action on the part of the defendants which might affect the status of the title to the real estate in question.

On February 20, 1950, the district court of the county in which this action had been filed restrained the defendant sheriff from executing the alias Writ of Assistance, the defendant register of deeds from entering of record transfer of title to the realty, the defendant Smith from attempting to convey such realty and ordered that all proceedings in the foreclosure action be stayed pending its further orders.

Following action by the trial court as above related the defendant Insurance Company demurred to plaintiff's amended pleading for the reason it failed to state a cause of action and the defendant Smith demurred thereto on grounds (1) that such pleading failed to state a cause of action and (2) that the court was without jurisdiction to grant plaintiffs' the relief prayed for. Such defendant also filed a motion to vacate the restraining order to which we have heretofore referred to. In due time these demurrers and the motion to vacate the restraining order were sustained. Thereupon plaintiffs perfected this appeal and now under proper specifications of error challenge the propriety of the trial court's action.

At the time the motion and demurrers just mentioned were filed and passed upon the amended petition in addition to disclosing the factual situation, heretofore depicted, contained averments obviously intended to permit appellants to rely upon fraud, unavoidable casualty or misfortune, and erroneous proceedings against a person of unsound mind, listed as 'grounds for the vacation of a judgment in a proceeding instituted for that purpose under the provisions of G. S. 1949, 60-3007. It also contained averments designed to warrant the granting of equitable relief with respect to the extension of redemptive rights of the alleged incompetent in the event it should be held its allegations were insufficient to warrant the granting of relief in a proceeding authorized by the foregoing section of the statute. All of the foregoing allegations and averments, we pause to point out, were commingled and set forth in a single cause of action.

Allegations pertaining to fraud and unavoidable casualty or misfortune are not seriously relied on by appellants as sufficient to compel the vacation of a judgment in a proceeding instituted under the provisions of 60-3007, *supra*. It should perhaps be stated that if they were we would be constrained to hold to the contrary.

Hence such allegations need not be detailed. From our examination of the amended petition we are convinced this action was instituted upon the distinct and definite theory that appellants were entitled to vacate the foreclosure judgment under express statutory authority (60-3007, *supra*). Based upon the record we are also certain the trial court so construed the amended petition and that its rulings with respect thereto were based upon that premise. In the face of such a situation, particularly in view of what has been said and held by this court, in connection with its application of the doctrine pertaining to confusion of theories in pleading (See e. g., *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619; *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 22 P. 2d 965; *Lofland v. Croman,* 152 Kan. 312, 103 P. 2d 772; *Dellinger v. Harper County Social Welfare Board,* 155 Kan. 207, 210, 124 P. 2d 513, and cases there cited), we seriously doubt that appellants can now contend, as they attempt to do, that their pleading is to be construed as stating a cause of action in equity for the extension of redemption rights in the mortgage foreclosure action. Moreover, as will be presently disclosed, construction of the pleading in that regard is not required in order to dispose of the rights of the parties on appeal. Therefore, we need not hereinafter labor allegations of the amended petition with respect to such matters, or pass upon contentions advanced in connection therewith, and shall refrain from doing so.

Thus it appears the all decisive issue on appellate review is whether well pleaded allegations of the amended petition, which for purposes of the demurrers must be accepted as true and given the benefit of all reasonable inferences, state a cause of action under the provisions of G. S. 1949, 60-3007(Fifth), *et seq.*, providing that the district court shall have power to vacate or modify its judgments, at or after the term at which such judgment was made because of erroneous proceedings against a person of unsound mind, where the condition of such person does not appear in the record, nor the error in the proceedings.

Summarized, allegations of the amended petition, respecting whether the foreclosure proceedings against Hurd were erroneous, are as follows:

That at all times, since more than a year prior to the filing of the foreclosure action, Jackson Hurd was an incompetent person, incapable of managing his estate or affairs; that a default judgment was entered against him, although he never appeared in the action

to plead or make a defense and that no guardian, natural or legal, was served with process in such action, nor was a guardian *ad litem* appointed for him, and no person, neither attorney, guardian, nor guardian *ad litem*, was in any way served with process, nor appeared in said action at any time.

Other allegations of the pleading, not heretofore mentioned but nevertheless in question and important because of the provisions of G. S. 1949, 60-3013, providing that a judgment shall not be vacated on petition until it is adjudged there is a valid defense to the action on which the judgment is rendered, read as follows:

"Petitioners show to the Court that on behalf of the estate of Jackson K. Hurd they will abide by the orders of the Court regarding the payment to all parties and creditors of the estate of said Jackson K. Hurd in the above-entitled cause by payment of what is properly due, and any proper interest thereon should the Court so order."

Before turning to contentions advanced by the parties in support of their respective positions it may be well to note certain matters which will not only clarify but simplify the appellate issues involved. (1) The record discloses the restraining order in question was vacated by the trial court for the reason it was sustaining the demurrers to the petition. (2) An examination of the terms of this restraining order, when considered in connection with all the facts and circumstances disclosed by the record, leads to the conclusion that it was tantamount to a temporary injunction and therefore, under our decisions (*Allen v. Glitten*, 156 Kan. 550, 134 P. 2d 631; *Hayward v. State Corporation Comm.*, 151 Kan. 1008, 101 P. 2d 1041; *Harwi v. Harwi*, 143 Kan. 710, 56 P. 2d 449), the trial court's ruling with respect thereto constituted an appealable order. (3) It is conceded the instant action was instituted within the time limit fixed by G. S. 1949, 60-3008, for the commencement of a proceeding under the provisions of G. S. 1949, 60-3007(Fifth).

Appellants' first contention is that a mortgage foreclosure judgment against an incompetent defendant is void under G. S. 1949, 60-408, when no legal guardian appeared, no guardian *ad litem* was appointed to defend, and judgment was rendered against the incompetent by default.

Pertinent portions of the section of the statute (60-408, *supra*) relied upon as compelling this conclusion read:

"In any proper case service may be made on minors, insane and other incompetent persons by a summons personally served or by publication notice as provided in this code, the same as upon other persons defendants in action.

If there be a natural or legally appointed guardian for such minor, insane or incompetent person, service shall also be made in the same manner upon such guardian. If there be no legally appointed guardian for such minor, insane or incompetent person, of if such guardian fail to appear and answer in the action within the time fixed by the summons or publication notice, the court shall appoint a guardian *ad litem* for such minor, insane or incompetent person and such guardian *ad litem* shall file proper pleadings in such cause, which shall include a general denial of the plaintiff's petition, as shall put the plaintiff to proof of his cause of action. . . ."

In approaching consideration of the contentions advanced by appellants on this point it must be kept in mind they are to be disposed of upon the undisputed record facts. These, in addition to those assumed in their contention as stated, are that the ward (Hurd) was not adjudged incompetent until February 17, 1950, more than two years after the foreclosure action was commenced, and that judgment was not rendered against him in that action until after he had been personally served with summons and was in default of answer.

At the outset it should be said, although we are not averse to reviewing and will dispose of claims advanced by appellants to the contrary, that we are convinced this court has long since held that a judgment such as is here involved is voidable, not void.

In *Sterling v. Goulden,* 136 Kan. 18, 12 P. 2d 812, decided long after the statute in question was enacted, we held:

"A judgment against a person who is later adjudged to be incompetent does not on that account become void, dormant or invalid, notwithstanding the finding of incompetency is that it had existed since a time prior to the rendition of the judgment." (Syl. ¶ 1.)

And at page 19 of the opinion said:

". . . A judgment rendered against a person afterwards adjudged to be insane is not void unless there should be a statute so providing."

Ingenious counsel for appellants seek to avoid the force and effect of the foregoing decision in several ways. First they suggest the court rendering the foreclosure judgment was without jurisdiction because there was no valid service upon the incompetent. It is true, as they point out, that under our decisions a judgment against an adjudicated incompetent (See *Poorman v. Carlton,* 122 Kan. 762, 253 Pac. 424) without service on his legally appointed guardian, and for that matter a judgment against an infant (See *Pierson v. Brenneman,* 171 Kan. 11, 229 P. 2d 1019), without service upon his natural or legally appointed guardian, is void.

However, that is not this case. It is conceded Hurd was an adult and had no guardian of any type or character. In that situation, under the first sentence of the section of the statute in question, jurisdiction was acquired over him for all purposes of the foreclosure action when he was personally served with summons. Next it is argued the provisions of 60-408, *supra*, requiring the appointment of a guardian *ad litem*, where an incompetent has no legally appointed guardian or such guardian fails to appear and answer within the time fixed by the summons and providing no default judgment shall be rendered against an incompetent person are jurisdictional and that failure of the trial court to appoint a guardian *ad litem* for Hurd in the foreclosure action makes the jugment rendered therein void. The answer to this contention is also to be found in our decisions. In *Walkenhorst v. Lewis*, 24 Kan. 420, we held:

"A judgment rendered against a minor, without the appointment of a guardian *ad litem*, may be voidable, but is not void. Such appointment can only be made after jurisdiction has been acquired, and then the failure to appoint does not oust the jurisdiction, but is simply an error to be corrected by proceedings in error." (Syl. ¶ 4.)

In leaving the point last considered it should perhaps be stated the rule announced in the decision from which we have just quoted, which we pause to note applies to incompetent defendants as well as minors, is still the law of this state notwithstanding there have been some changes in the statute then in force and effect with respect to service of process upon such defendants. At page 773 of the opinion in *John Hancock Mut. Life Ins. Co. v. Vandeventer*, 141 Kan. 767, 44 P. 2d 251, we cited and approved such decision, and said "This court has held that a failure to name a guardian *ad litem* under this statute (60-408) for minors who were parties to an action would render the judgment voidable and not void. . . ."

Failing to find anything in the provisions of 60-408, *supra*, or in our decisions, warranting a conclusion the judgment rendered in the foreclosure action was void we turn to appellants' next contention. Generally stated it is that the amended petition contains allegations sufficient to withstand demurrers based on grounds the facts therein pleaded are insufficient to state a cause of action under the provisions of G. S. 1949, 60-3007 (Fifth) *et seq.* In giving consideration to this contention little attention need be given

to certain matters which, while they affect its decision and hence must be mentioned, are not in serious conflict. All parties concede the Fifth subdivision of the section of the statute last above mentioned provides for the vacation of a judgment at or after the term when made because of erroneous proceedings against a person of unsound mind where the condition of such person does not appear in the record nor the error in the proceeding. Appellees inferentially admit, and it should be here stated that even if they had failed to do so we would hold, that under existing provisions of our statute (60-408, *supra*) failure to appoint a guardian *ad litem* for an incompetent as required by its terms or the taking of a default judgment against such an incompetent irrespective of adjudication of incompetency constitute erroneous proceedings and come within the scope of the provisions of 60-3007, *supra*.

The real controversy between the parties on this point hinges upon the construction they place upon two other sections of the statute respecting what is required in order to succeed in a proceeding under and by virtue of the provisions of 60-3007, *supra*.

G. S. 1949, 60-3011, provides the proceedings to vacate or modify the judgment mentioned in subsection 5 of 60-3007, *supra*, shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate it, and the defense to the action, if the party applying is the defendant.

G. S. 1949, 60-3013, provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered.

The appellants concede that if, as we have held, the judgment rendered in the foreclosure action was merely voidable they are required to plead a valid defense to such action in order to state a cause of action in the instant proceeding. The gist of their claim is that their amended petition which alleges judgment was taken against their ward by default and without the appointment of a guardian *ad litem* and in addition contains the following allegation,

"Petitioners show to the Court that on behalf of the estate of Jackson K. Hurd they will abide by the orders of the Court regarding the payment to all parties and creditors of the estate of said Jackson K. Hurd in the above-entitled cause by payment of what is properly due, and any proper interest thereon should the Court so order.",

states a valid defense to the foreclosure action and therefore suffices to withstand the attack made against it by the demurrers.

On the other hand the burden of appellees' contention is that such allegations state no defense whatsoever and they make no contention that otherwise allegations of the petition are insufficient.

The first argument advanced by appellants in support of the contention now being considered is that incompetency of their ward prior to the date of the filing of the foreclosure action, which must be conceded for purposes of the rulings on the demurrers, in and of itself is to be regarded as a valid defense to the action. No decisions are cited to sustain this argument and its fallacy appears from the sections of the statute to which we have heretofore referred. If the legislature had intended incompetency, standing alone to constitute a defense, it could very easily have said so. Instead, not once but twice, (See 60-3011 and 60-3013, *supra*) it provided that a judgment against an incompetent should not be vacated unless and until it is made to appear there is a valid defense to the action in which the judgment was rendered. Our view is that to sustain appellants' position on this particular point would require us to read something into the statute that is not there.

Obviously anticipating the conclusion just announced appellants next insist that even if incompetency alone is not to be regarded as a valid defense under the statute the amended petition in the instant case complies with its terms because it charges the foreclosure judgment against their ward was taken by default and without the appointment of a guardian *ad litem* and in addition contains the allegations heretofore last quoted offering in substance to redeem and tendering whatever sum the court finds necessary to make all parties to the action whole, including the purchaser at the foreclosure sale.

The view of this court regarding the purpose of 60-3013, *supra,* is well settled. In *Burris v. Reinhardt,* 120 Kan. 32, 242 Pac. 143, after quoting identical language then appearing in R. S. 1923, 60-3013, we said:

". . . The language quoted manifestly is adapted to cases where a party seeks to have a judgment against him vacated, and its purpose is to avoid the useless setting aside of a judgment where such course could accomplish nothing more than the opportunity for the rendition of another of like effect. . . ." (p. 34.)

It must be conceded that after commencement of the foreclosure action, regardless of his mental status, Hurd could have paid into court the amount due under the terms of the mortgage which was

being foreclosed to that action and thus defeated the decree of fore-closure. If he had the funds to pay off the mortgage, and if, as it appears from the amended petition, he would have been disposed to do so, he cannot be held responsible for failure to take action of that character because, as clearly appears from allegations of the amended petition, he was incompetent at that time.

The instant pleading was unmotioned and under the established rule well pleaded allegations thereof are to be liberally construed. Given the benefit of the inferences to which such allegations are entitled we think that the paragraph of the amended petition last quoted, when considered in connection with the other allegations of that pleading, is to be construed as containing averments to the effect Hurd, an incompetent, possessed means with which to pay off the mortgage and would have tendered the amount due under its terms prior to the rendition of the foreclosure decree and thus defeated the cause of action for foreclosure of the mortgage if he had not been mentally incapacitated or that a guardian *ad litem* would have taken that action in his behalf if one had been appointed for him as required by statute *(60-408,* supra). When so construed we are constrained to hold the amended petition sets forth a valid defense within the meaning of that term as used in the provisions of sections 60-3011 and 60-3013, *supra.* This conclusion, we believe, finds ample support in our decisions.

In *Fidelity State Bank v. Kirk,* 139 Kan. 491, 32 P. 2d 239, a minor through her father and next friend filed a petition to vacate a mortgage decree. She asserted several defects inhering in the decree, including one to the effect she was a minor and no guardian *ad litem* had been appointed for her at the time of its rendition and alleged she had money and means to redeem the property. In that case, as in the case at bar, it was claimed the petition to vacate the judgment failed to state a defense to the action. At page 495 of the opinion we rejected that contention and said:

"Appellants urge the point that the petition and motion to vacate and set aside the judgment was insufficient in that it did not state any defense to plaintiff's action. We think it did. It revealed her interest in the property, and the interest of the relatives who were also minors, and raised the vital point that none of them had been represented by guardians *ad litem.* She also alleged the fact that the trial court had been flagrantly imposed upon, to her detriment and that of her minor codefendants, when the judgment roll had been made to recite that the property had been abandoned. This minor also had such an interest in the property as entitled her to defend against plaintiff's action to subject her deceased grandparents to a personal judgment—not that

such a judgment would have any validity, but because of the possibility that it would cloud their estates and in turn affect herself as one of their heirs. She also had an interest in the sort of judgment to be rendered in the action because of her right to redeem the property from a valid and regular foreclosure sale; and it was alleged and not controverted that she had the funds to redeem the property and was disposed to do so; and as heir and intending redemptioner she was entitled to defend against a foreclosure proceeding where the rights of her codefendants, who were minors like herself, were being ignored and sacrificed—with the consequent hazard of future litigation over their respective interests if and when she should exercise her right to redeem." (p. 495.)

Nothing would be added to the body of our law and hence nothing would be gained by attempting to distinguish the many cases cited by appellees in support of their position the allegations of the amended petition failed to state a valid defense to the foreclosure action. It suffices to say that when examined it appears such decisions do not deal with situations of the kind here involved and for that reason are not to be regarded as contrary to our conclusion the allegations and averments of the instant pleading state a "legal defense" to the action in which the foreclosure judgment was rendered, within the meaning of such term as used in sections 60-3011 and 60-3013 of G. S. 1949.

The result is the trial court erred in sustaining appellees' separate demurrers and, since its vacation of the restraining order was based upon the ground the demurrers to the petition should be sustained, erred in vacating that order. Its judgment is therefore reversed with directions to set aside the orders to which reference has just been mentioned.

PARKER, J. (dissenting): I am unable to agree that lack of knowledge of the pendency of a mortgage foreclosure action prior to judgment, coupled with a subsequent tender of the amount due under the terms of a voidable judgment as rendered, constitutes a "valid defense" to the action on which the judgment was rendered, within the meaning of that term as used in G. S. 1949, 60-3013, in any proceeding instituted to vacate such a judgment in conformity with the provisions of G. S. 1949, 60-3007. It has long been my view the valid defense comprehended by the terms of the last mentioned section of the statute must be an existing meritorious defense, going to the merits, substance, or essentials of the cause of action alleged in the petition and that a tender made after the action has been commenced, which has the legal effect of confessing and thereby avoiding the consequences of the cause of action sued on, cannot be regarded as coming within the scope of its terms. The

legislature, which easily could have provided otherwise, saw fit to make the provisions of 60-3013, *supra*, applicable to all defendants, including adults, minors, and incompetents. For that reason it cannot be said the requirements of such statute are to be given one construction in a proceeding where the rights of adults are involved and another in a proceeding involving minors or incompetents. Therefore I am constrained to conclude the amended petition in the instant case, even though it be construed as containing allegations to the effect the involved incompetent possessed means with which to pay off the mortgage and would have tendered the amount due under its terms into court prior to the rendition of the foreclosure decree, except for his incompetency, or that a guardian *ad litem* would have taken that action in his behalf if one had been appointed for him, fails to state a valid defense to the action on which the foreclosure judgment was rendered as required by section 60-3013 and that the trial court properly sustained the demurrers to the amended petition.

SMITH and WERTZ, JJ, join in the foregoing dissent.