No. 26,543.

HARRY PETERSON et al., *Appellants,* v. FRANK PETERSON et al., *Appellees.*

### SYLLABUS BY THE COURT.

JUDGMENTS—*Setting Aside—Fraud or Want of Jurisdiction—Evidence.* Where the holder of the legal title to land executes a deed in person and as guardian of his insane wife, by order of the probate court, and the district court renders a decree quieting title under such deed, in an action to which the insane wife is a party, service having been made upon her guardian and a guardian *ad litem* having been duly appointed, such decree quieting title cannot be set aside in a new action brought after the death of the wife, by her heirs, for fraud or want of jurisdiction, upon a mere showing that prior to the deed the land was occupied by the grantor and his insane wife and she never recovered her sanity.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 12, 1926. Affirmed.

Insane Persons, 32 C. J. pp. 763 n. 37, 770 n. 90, 783 n. 97, 789 n. 27. Judgments, 34 C. J. pp. 452 n. 22, 453 n. 28, 472 n. 66, 496 n. 14; 15 R. C. L. 704.

*C. W. Burch, B. I. Litowich, La Rue Royce, David Ritchie* and *Omer D. Smith,* all of Salina, for the appellants.

*Z. C. Millikin,* of Salina, for the appellees.

The opinion of the court was delivered by

MASON, J.: The word plaintiffs will be used to designate the actual plaintiffs and two persons associated in interest with them, who were made defendants. The plaintiffs brought this action to quiet title to a tract of land. The land was formerly owned by Olaf Peterson. The defendants assert title through a deed to Hannah Heasley from Olaf Peterson personally and as guardian of his insane wife, by order of the probate court, and also through a decree of the district court quieting the title so obtained. The plaintiffs claim as heirs of Olaf Peterson and his wife and contend that the conveyance under which the defendants claim was void because at the time of its execution the land was the homestead of Olaf Peterson and his wife, and could not be alienated without her consent, which could not be given because of her insanity. The plaintiffs in a reply pleaded that the order of the probate court and the decree of the district court were obtained by collusion and fraud. The plaintiffs introduced evidence, a demurrer to which was sustained, and they appeal from that ruling.

The evidence was addressed solely to the proposition that the land was occupied as a homestead by Olaf Peterson and his wife, and that while this condition existed she was insane and so continued until her death. No attempt was made to establish fraud in procuring the order of sale from the probate judge or the judgment of the district court quieting title, unless the evidence of the homestead character of the land, and the fact of the wife's insanity can be regarded as intended to have that effect, in which case it failed of its purpose. The evidence may have established that the judgment quieting title (to speak of the later adjudication, which is conclusive of the rights of the parties unless set aside) was erroneous—was based on a mistaken view of the facts or of the law, but this would not render it void. There is some difference of judicial opinion as to whether, in the absence of a statute to that effect, a person who has been declared insane may be sued. (14 R. C. L. 613; 32 C. J. 765.) In this state, however, such procedure is authorized. (R. S. 39-225, 60-408.) At the time of the action in which the decree quieting title

was rendered (1911) the statute required service to be made on the guardian, and the defense to be made by a guardian for the suit (Laws 1907, ch. 247, § 25; Laws 1911, ch. 228, § 1), and these requirements were complied with. A judgment against an insane person (except as special statutes may provide otherwise) is as effective an adjudication as any other, and may be set aside only under like circumstances. (14 R. C. L. 615; 32 C. J. 788, 789.)

The petition alleged title in the plaintiffs and the invalidity of the deed under which the defendants claim. The defendants in their answer set out the decree quieting title. The plaintiffs' reply alleged the decree was obtained by collusion and fraud. The defendants suggest the attack on the decree is not direct. Assuming the attack to be direct, it fails for want of evidence. The fraud for which a judgment can be set aside in a separate action is extrinsic fraud. The evidence did not show that the court which rendered the decree quieting title was induced by false testimony to believe the land was not a homestead, but such a showing would have been insufficient because establishing merely intrinsic fraud. (*Huls v. Gafford Lumber & Grain Co.*, 120 Kan. 209, 243 Pac. 306.) A judgment is not to be vacated upon a mere showing in a new action that the actual facts did not warrant it. An error of fact or law does not constitute a lack of jurisdiction, nor tend to show fraud. In this state even a judgment based on a petition which states no cause of action is not void and is enforceable unless set aside in some method recognized by the law. (*Investment Co. v. Wyandotte County*, 86 Kan. 708, 121 Pac. 1097.) The question whether an attack on a judgment is direct or collateral is often helpful in determining whether it should succeed, but even a direct attack cannot avail against a judgment which is not void, unless made in an authorized time and manner. (See note, 23 A. S. R. 104, 106.)

The judgment is affirmed.

BURCH, J., not sitting.