No. 29,917.

JAMES A. MARK and ISAAC A. MARK, *Appellants*, v. E. T. KEIGHTLEY et al., *Appellees*.

(298 Pac. 783.)

Opinion filed May 9, 1931.

*F. S. Jackson, James E. Smith, Schuyler W. Jackson,* all of Topeka, *Thomas C. Forbes* and *Carl C. Chase,* both of Eureka, for the appellants.

*Clay C. Carper* and *Homer V. Gooing,* both of Eureka, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This is an appeal from the order of the district court of Greenwood county vacating a judgment.

The original action, filed on the 30th day of March, 1923, was brought to quiet the title to certain land in Greenwood county fully described in the petition. A summons issued the day the action was filed was regularly served on "Leonard E. Bright, guardian of Thomas Mark, an insane person, and Leonard E. Bright, guardian of Laura E. Mark, an insane person, and Leonard E. Bright, guardian of Margaret Pierce, an insane person." The summons fixed the answer day on April 30, 1923, and the writ was returned showing service on the 31st day of March, 1923. No service of summons was made on any of the insane persons, who were at that time confined in the state hospital at Osawatomie. The records in the pro-

bate court show that Leonard E. Bright was on the 23d day of February, 1923, duly and regularly appointed guardian of the person and estate of the insane persons. On May 23, 1923, Gordon A. Badger was appointed guardian *ad litem* for Thomas Mark, Laura E. Mark and Margaret Pierce, and on the 29th day of May, 1923, he qualified as such guardian and filed an answer in the case, which was in form a general denial.

Judgment was rendered on the 2d day of June, 1923. The journal entry recites that Leonard E. Bright, guardian of persons and estates of Thomas Mark, Laura E. Mark and Margaret Pierce, persons of unsound mind, appeared in his own proper person. Judgment was rendered for plaintiffs, barring the defendants and each of them from any right, title or interest in or to the land in question.

On the 9th day of August, 1923, the guardian, Leonard E. Bright, died without having been discharged as such guardian and without making any inventory of the estate or report of any nature whatsoever. On the 8th day of April, 1929, Homer V. Gooing was appointed guardian of the person and estate of Thomas Mark and Laura E. Mark by the probate court of Greenwood county, and qualified as provided by law. Thereupon he filed a motion in this case asking that the judgment entered on the 2d day of June, 1923, be set aside for the reason that no service of summons had been made on the person of Thomas Mark or Laura E. Mark, and that the court was without jurisdiction to render judgment. The court, on hearing the motion, found that the court was without jurisdiction of the moving defendants at the time of the rendition of the judgment on June 2, 1923, and rendered judgment accordingly, vacating the judgment, from which order this appeal is taken.

Was the service of summons on the guardian of the insane persons valid? This is the sole question in the case. The answer is found in the proper application of the statutes in force at the time service was had. Prior to 1909 there was no express provision in the code of civil procedure for service of process on insane persons.

In 1907, chapter 247, section 25, of the Laws of 1907 was enacted. This section is as follows:

"In all actions commenced against any such person, the process shall be served on his guardian; and, on judgment against such person, or his guardian as such, the execution shall be against his property only, and in no case against his body, nor against the body or estate of such guardian, unless he shall have rendered himself liable thereto."

When the code of civil procedure was adopted in 1909, section 77 of chapter 182 was included therein, and is as follows:

"When the defendant is a minor, the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, then the manner of service may be the same as in the case of adults. Service on a person of unsound mind shall be on him and his guardian if he have one."

No change was made in either of the sections referred to until the adoption of the Revised Statutes in 1923. It is necessary for us to determine the effect of the adoption of the civil code on the statute of 1907.

It is claimed and ably argued by the appellants that it was the intention of the legislature to maintain a distinction between persons of unsound mind and persons adjudged to be insane, and that the civil code was made applicable only to the former, and the statute of 1907 to the latter. In support of this contention they have discussed and attempted to reconcile the decisions of this court with their theory. They cite the case of *Marquis v. Wiren,* 74 Kan. 775, 87 Pac. 1135, decided in December, 1906. This was prior to the enactment of the civil code and consequently was controlled by the statute of 1905, which, for the most part, was in the same form as the statute of 1907. Consequently this case throws little or no light on the question under consideration.

The case of *Weedman v. Fowler,* 84 Kan. 75, 113 Pac. 390, is also cited by the appellants as holding that service on the guardian only was sufficient. This case was decided after the adoption of the civil code, but investigation discloses that the judgment in the case was rendered on May 27, 1907, and was controlled by the laws in force at that time.

The case of *Peterson v. Peterson,* 121 Kan. 212, 246 Pac. 506, is cited by the appellants and quotation is made from the opinion as follows:

"At the time of the action in which the decree quieting title was rendered (1911) the statute required service to be made on the guardian, and the defense to be made by a guardian for the suit (Laws 1907, ch. 247, § 25; Laws 1911, ch. 228, § 1), and these requirements were complied with." (p. 213.)

A careful examination of the case discloses that the question of the court's jurisdiction over the defendants in the action was never raised, and consequently that portion of the decision which relates

to the manner of service is dictum. We have examined the abstract filed in the case and find that at the commencement of the suit summons was issued for the insane defendant and served on her personally and on her guardian, and summons was issued for the guardian and personally served on him, so that the manner of service met the requirements of the civil code. The case, therefore, is of no assistance in arriving at a conclusion in this case.

It is contended by the appellants that the term "unsound mind" as used in the civil code is not broad enough to include "a person adjudged insane." With this we cannot agree. Unsound mind is a general term and includes idiots, *non compotes*, lunatics and insane persons.

The legislature of 1909, in adopting the code of civil procedure, intended to provide a complete procedure for the district court. It provides for the venue of civil actions and the manner in which service of summons should be made. The act is sweeping in its effect and is assumed to deal with the manner in which persons of unsound mind should be brought within the jurisdiction of the court.

"Service on a person of unsound mind shall be on him and his guardian, if he have one." (Laws 1909, ch. 182, § 77.)

This is a direct and definite mandate of the legislature requiring service of summons to be made on the person of an incompetent person and on his guardian, if any. The act goes further and provides the manner in which the rights of such persons shall be protected after service is obtained.

"The defense of an infant or person of unsound mind must be by a guardian for the suit. . . . The appointment cannot be made until after the service of the summons in the action, as directed in this code." (Civ. Code, § 32; Laws 1909, ch. 182, § 32.)

See, also, *Martin v. Battey*, 87 Kan. 582, 125 Pac. 88.

The further intention of the legislature is manifest in this respect in the adoption of the Revised Statutes of 1923, wherein the statute of 1907 was amended by striking out the provision relating to service of summons of the guardian and inserting in lieu thereof:

"The process shall be served as provided in the code of civil procedure." (R. S. 39-225.)

The legislature has the power to direct the manner in which service of process may be made on infants and persons of unsound mind. It exercised that power in enacting the code of civil procedure and

in clear and unambiguous language provided that service must be made on the person and guardian, if any, of such persons. The old statute must give way to the last expression of the legislature and service of process must be in accordance with the later statute to give the court jurisdiction of the parties.

It is the judgment of the court that the trial court was without jurisdiction of the defendants and without authority to appoint a guardian to act for them until service was obtained as provided by the code of civil procedure. As this was not done, we hold that the trial court properly sustained the motion setting aside the judgment.

The order is therefore affirmed.