No. 29,949.

Suter Brothers, a Copartnership, *Appellee,* v. Agnes Hebert, a Minor, by her Guardian and Next Friend, Fred Hebert, *Appellant,* and The First National Bank of Palco, *Appellee.*

(299 Pac. 627.)

Opinion filed June 6, 1931.

*John R. Parsons,* of Wakeeney, and *Arch L. Taylor,* of Salina, for the appellant.

*F. E. Young,* of Stockton, for appellee Suter Brothers, and *W. L. Sayers,* of Hill City, for appellee First National Bank of Palco.

The opinion of the court was delivered by

Harvey, J.: This is an appeal by a minor, appearing by her natural guardian and next friend, from an order of the court overruling a motion to set aside a judgment in a foreclosure action because of lack of service of process, and from an order permitting the sheriff to amend his return on the summons. We pass (to be considered later herein) the question raised by appellees as to whether a general appearance was entered which cured the absence or defect of the original service.

The record to present the question sought to be raised by appellant is as follows: On December 3, 1921, Suter Brothers, a partnership, filed an action on two promissory notes which had been executed by Fred Hebert and Anita J. Hebert, his wife, and to foreclose a mortgage given to secure their payment. It appears that by the time the action was filed Anita J. Hebert had died intestate, leaving as her heirs at law her husband, Fred Hebert, and five

minor children. The petition named as defendants "Fred Hebert,
. . . the First National Bank of Palco, . . . Fred Hebert,
husband, Rosela N. Hebert, a minor, Agnes Hebert, a minor, Philip
H. Hebert, a minor, Gleva Hebert, a minor, and Eans Hebert, a
minor, heirs at law of Anita J. Hebert, deceased." The præcipe
for summons requested the clerk to issue summons, directed to
the sheriff, for service upon the defendants, "Fred Hebert, Rosela
N. Hebert, Agnes Hebert, Philip H. Hebert, Gleva Hebert, Eans
Hebert, . . ." and setting forth the indorsement to be made
thereon. The clerk issued the summons to the sheriff, commanding
him "to notify Fred Hebert, Philip H. Hebert, Rosela N. Hebert,
Gleva Hebert, Agnes Hebert and Eans Hebert . . ." that they
had been sued, etc. The return, signed by the sheriff, recites:

". . . December 6, 1921, served the same by leaving a copy thereof duly
certified with the indorsements thereon at the usual place of residence of the
within-named defendants, Fred Hebert, Philip H. Hebert, Gleva Hebert, Agnes
Hebert and Eans Hebert."

The return also showed personal service on the defendant, Rosela
N. Hebert. On January 4, 1922, the First National Bank of Palco
filed an answer and cross petition for judgment on two notes signed
by Fred Hebert and Anita J. Hebert, and to foreclose a second
mortgage upon the real property described in the petition. On Feb-
ruary 7, 1922, on plaintiff's application, the court appointed a
guardian *ad litem* for the minor defendants. On May 1, 1922, judg-
ment was rendered for the plaintiff, also for the First National Bank
of Palco, upon their notes against the defendant Fred Hebert. The
action was continued as to the other defendants. On June 1, 1922,
the plaintiff and the First National Bank of Palco appeared by their
attorneys, "and the defendants, the minor heirs of Anita J. Hebert,
deceased, appeared not, but answer said action through their duly
appointed and qualified guardian *ad litem*." A personal judgment
was rendered for the plaintiff and for the bank against the minors
for the sum due on the notes sued upon, and a decree was entered
for the foreclosure of the mortgage. (We pause to wonder why a
personal judgment was rendered against the minors on these notes.)
Thereafter an order of sale was issued, the real property was sold
in conformity thereto, and was purchased by the First National
Bank of Palco, and the sale was confirmed by an order of the court
made on July 26, 1922. Thereafter, and in June, 1929, Agnes
Hebert, a minor, by her guardian and next friend, Fred Hebert,

appearing specially for the purpose of the motion only, filed her motion to set aside the judgment of foreclosure rendered in the cause, for the reason: (1) that the court had no jurisdiction to render the judgment against her because she was not at any time, or in any manner, served with summons or other process in said cause, as provided by law; (2) that neither her guardian nor her father, as her natural guardian, nor the person having the care and control of her, or with whom she lived, were made parties defendants in said action, nor was service of summons or other process served upon them, or either of them, as provided by law; (3) that she entered no appearance in said cause. On February 3, 1930, Suter Brothers filed a motion to permit and require the amendment of the sheriff's return of service of summons in the action, for the reason that the same is incomplete and does not speak the whole truth. Both of these motions came on for hearing on May 19, 1930. Evidence was taken. The sheriff testified that he served the summonses by leaving them with one of the girls, Rosela, whom he found at home, and that he left with her six copies of the summons. The court overruled the motion to set aside the judgment and sustained plaintiff's motion to direct and permit the sheriff to amend his return, and the same was amended so as to show the personal service on Rosela N. Hebert as was shown by the original return, and as to the other Heberts the amended return reads:

"December 6, 1921, served the same by delivering a copy thereof duly certified with the indorsements thereon at the usual place of residence of the defendant Fred Hebert, and one copy for himself as father of the following-named children and minors at that time living and making their home with the said defendant and father Fred Hebert, and by leaving a copy of this writ with the indorsements thereon duly certified for each minor at said place for Agnes Hebert, Philip H. Hebert, Eans Hebert and Gleva Hebert."

The statute then in force (Gen. Stat. 1915, § 6968; Laws 1909, ch. 182, § 77, which has since been revised [see R. S. 60-408] ) read as follows:

"When the defendant is a minor, the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, then the manner of service may be the same as in the case of adults. . . ."

It will be noted that neither the original return nor the amended return show service of summons in compliance with this statute. Under this statute it was necessary that the minor be served and

that service also be had on his guardian, the father; or if neither of these could be found, upon his mother, or the person having the care or control of him, or with whom the minor lived. There is no provision in the statute for serving the minor at the usual place of such minor's residence, unless there was a showing that the minor could not be found, and there was no recital of that fact in the return. The only one of the minors served personally was Rosela. We do not have the question before us as to whether the service on her was good. The question here is whether the service was good on Agnes, and clearly neither return showed a good service on her. While it is true a guardian *ad litem* was appointed for her, the appointment did not bind her in the absence of the service of process as provided by statute. (Gen. Stat. 1915, § 6922; R. S. 60-408; *Martin v. Battey*, 87 Kan. 582, 592, 125 Pac. 88.) It necessarily follows that the service, even under the amended return, was insufficient to give the court jurisdiction of the person of the defendant, Agnes Hebert, a minor.

Appellees raise the point that, notwithstanding the form of the motion of appellant, in which she appeared specially and raised jurisdictional questions only, she did in fact make a general appearance on the taking of evidence on these motions. At that time her counsel called the attorney of the plaintiff to the stand as a witness, and after some preliminary questions asked whether any evidence was taken in court at the time the judgment was rendered which is sought to be set aside. The abstract is confusing as to whether the question was answered. It was objected to. Appellant says it was answered "No" before the objection was made. When the question was asked, and perhaps had been answered, the following took place:

COUNSEL FOR THE BANK: "Just a moment. The defendant First National Bank objects to the question as calling for immaterial evidence, seeking to contradict written records of this court, calling for secondary evidence, seeking to modify the records of the court."

COUNSEL FOR APPELLANT: "The court can always contradict the record when it comes to setting aside its judgment because it is void."

THE COURT: "The journal entry of judgment shows there was evidence offered, does it?"

COUNSEL FOR THE BANK: "There was evidence offered and it so recited."

THE COURT: "Let's see the journal entry."

COUNSEL FOR APPELLANT: "There isn't any question about that, your honor; that journal entry recites the files and other evidence were introduced."

THE COURT: "Do you contend there is any question about the meaning of the journal entry or the language of it?"

COUNSEL FOR APPELLANT: "I contend that we can show that this foreclosure was just like a number of other foreclosures. They just take judgment without presenting any evidence to the court.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

THE COURT: "The objection is sustained."

COUNSEL FOR APPELLANT: "Now, we want to make this offer. We offer to show by F. E. Young that at the time the judgment was taken in this case no evidence was introduced; that it was called a judgment rendered; that the note was not canceled at the time judgment was rendered, but several days thereafter. That is all."

COUNSEL FOR THE BANK: "Same objection we made before."

THE COURT: "And the court sustained the objection to the offer."

Appellees argue that by asking this question, and by her efforts to offer testimony that the judgment sought to be set aside was void because no evidence was offered and there was no real trial, the appellant entered a voluntary appearance in the case which cured any lack of or defect in the service of the original summons. It has been repeatedly held that when one contends the court had no jurisdiction over his person because of a lack of or defect in the service of process, and seeks to set aside a judgment or quash the service for this reason, his motion or application for that purpose must be confined to the jurisdictional questions. If in the motion he raises questions which go to the merits of the action he recognizes the jurisdiction of the court over his person and makes a general appearance which cures defects or absence of service of process. (*Meixell v. Kirkpatrick*, 29 Kan. 679; *Life Association v. Lemke*, 40 Kan. 142, 19 Pac. 337; *Investment Co. v. Cornell*, 60 Kan. 282, 56 Pac. 475; *Baker v. Land Company*, 62 Kan. 79, 61 Pac. 412; *Abercrombie v. Abercrombie*, 64 Kan. 29, 67 Pac. 539; *Jones v. Standiferd*, 69 Kan. 513, 77 Pac. 271; *Bank v. Courter*, 97 Kan. 178, 155 Pac. 27; *Dye v. Railroad Co.*, 101 Kan. 666, 168 Pac. 1087; *Marler v. Mortgage Co.*, 111 Kan. 488, 207 Pac. 823; *Butter Tub Co. v. National Bank*, 115 Kan. 63, 222 Pac. 754; *King v. Ingels*, 121 Kan. 790, 250 Pac. 306.)

In *Burdette v. Corgan*, 26 Kan. 102, the rule was held applicable to a minor appearing by his guardian or next friend seeking affirmative relief in an action or proceeding. The rule was applied in *Barnett v. Insurance Co.*, 78 Kan. 630, 97 Pac. 962, where, in some respects, the facts are much like the case at bar. In both of the cases last mentioned, however, the motion which was filed by the

minor appearing by his next friend or guardian urged nonjurisdictional grounds for setting aside the judgment as well as jurisdictional grounds. The motion filed in this case raised only jurisdictional grounds. If the rule contended for by appellees is applied here, that could be done for the sole reason that appellant's counsel produced a witness by whom he sought to show evidence had not been introduced or considered by the court at the time of taking the judgment sought to be set aside. There is nothing in this record to indicate that the trial court, in overruling appellant's motion to set aside the judgment, did so for the reason that the appellant had, in the manner above suggested, entered a general appearance in the case. That point was not suggested to the court by counsel for appellees, or by anyone. The objection to the question made by counsel for appellees was that the question called "for immaterial evidence, seeking to contradict records of this court, calling for secondary evidence." This objection was, of course, good, for there was no motion then pending in court and being heard to which this evidence was material. The journal entry of the court's ruling upon the motion of appellant to have the judgment vacated and to have the sheriff amend his return makes no reference to the point now urged by appellees. It was quite apparent that counsel for appellees and the court entertained the view that the amended sheriff's return showed a good service of summons upon appellant. As we have heretofore seen, that view is incorrect. It is the general rule that a guardian or next friend of an infant appearing for him in court cannot waive or admit away the substantial rights of the infant, or consent to anything which may be prejudicial to him, even by neglect or omission. (31 C. J. 1143; see, also, *Railway Co. v. Lasca*, 79 Kan. 311, 99 Pac. 616; *Leslie v. Manufacturing Co.*, 102 Kan. 159, 169 Pac. 193.) In view of this general doctrine we would deem it highly technical to hold that counsel for the minor made a general appearance for her by the question propounded as above referred to, particularly in view of the fact that such holding would be prejudicial to the rights of the minor, and in view of the fact that it is quite clear from the record that no question of that kind was ever submitted to or passed upon by the trial court.

The result is that the judgment of the court denying appellant's motion to set aside the judgment must be reversed for further appropriate proceedings.

It is so ordered.