No. 30,989

SUTER BROTHERS, a Copartnership, *Appellee*, v. FRED HEBERT et al.
(PHILIP HEBERT, *Appellant*).

(26 P. 2d 591.)

Opinion filed November 11, 1933.

*Arch L. Taylor*, of Salina, and *John R. Parsons*, of Wakeeney, for the appellant.

*F. E. Young*, of Stockton, and *W. L. Sayers*, of Hill City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage. The case comes here on an appeal from an order of the trial court refusing to set aside the judgment.

The facts were fully set out in the case of *Suter Bros. v. Hebert*, 133 Kan. 262, 299 Pac. 627. In that case all the questions raised in this case were decided except one, which we will notice later. When the action was filed it was to foreclose a mortgage signed by Fred Hebert and Anita Hebert, his wife. At that time Anita was deceased, so Fred and their five minor children, Rosela N. Hebert, Philip Hebert, Agnes Hebert, Gleva Hebert and Eans Hebert, were made defendants. The return of the sheriff was as follows:

". . . . December 6, 1921, served the same by leaving a copy thereof duly certified with the indorsements thereon at the usual place of residence of the within-named defendants, Fred Hebert, Philip H. Hebert, Gleva Hebert, Agnes Hebert and Eans Hebert."

When the motion in this case was heard the sheriff was permitted to amend his return to show that he served the summons by leaving a copy with Rosela, at that time a fifteen-year-old girl, and by leaving with her at the residence of her father two copies for him and a copy for each of the other minor children.

The motion in this case is by Philip Hebert to set the judgment aside for lack of service. He has acquired the interest of his sister, Rosela, and filed a similar motion with reference to service on her. The case of Philip Hebert is settled by the decision in *Suter Bros. v. Hebert,* 133 Kan. 262, 299 Pac. 627.

The only question is whether the service was good against Rosela, the fifteen-year-old girl who was handed a copy of the summons.

The statute then in force (Gen. Stat. 1915, § 6968; Laws 1909, ch. 182, § 77), which has since been revised (R. S. 60-408), read as follows:

"When the defendant is a minor, the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, then the manner of service may be the same as in the case of adults . . . "

To get service upon Rosela required that summons be served upon her and upon her father in his capacity as father. This was not done. Even giving the most generous interpretation to the testimony of the sheriff there is no evidence that any summons was served upon Hebert in his representative capacity. This was necessary in order to constitute valid service. It follows that the order of the trial court overruling a motion to set aside the judgment must be reversed. It is so ordered.

HUTCHISON, J., not sitting.