No. 34,216

AGNES HURD and E. C. HURD, *Appellants*, v. FRANK BATY, ALTON LAPRAD, MAX DICK, FRANK PFEIFFER, DR. L. A. PROCTOR, J. R. BICKNELL, M. D. SMITH, ROY BENNETT, J. H. DAVIDSON, R. S. GRIGGS, F. H. KREGER, FRANK L. LARERY, VERNON ROSENSTAHL, FLOYD STAFFORD, C. S. TOMLISON, E. F. FARNER, J. I. POOLE, W. S. PHILLIPS, JOHN CHAPMAN, O. H. WOODS, TED BUNTING and THE RAILROAD YOUNG MEN'S CHRISTIAN ASSOCIATION OF PARSONS, *Appellees*.

(88 P. 2d 1031)

Opinion filed April 8, 1939.

*Charles Stephens* and *Jerome Harman,* both of Columbus, for the appellants. *W. W. Brown,* of Parsons, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiffs brought this action for damages for the death of their son, about twelve years of age, alleged to have resulted from the negligence of defendants. Motions of defendants to set aside the service of summons were sustained. Plaintiffs have appealed.

All of the parties to this action are residents of Labette county. The individual defendants are officers, agents and employees of the Railroad Young Men's Christian Association of Parsons, and the association is a defendant. Among its activities and facilities it has a swimming pool in charge of attendants, some of whom are called lifeguards, where lessons in swimming are given to young boys, and where the older ones are permitted to swim by the payment of a small fee. It was alleged in the petition that plaintiffs' son, Eugene Clark Hurd, had taken lessons in swimming from the defendant association in its pool, and that thereafter and on July 7, 1937, he went to the association, paid the fee charged for boys of his age, and entered the swimming pool to swim, and while doing so drowned. It was alleged that the son's efforts in swimming were not properly supervised by the association and its attendants, particularly by the

lifeguards, who negligently did not observe that he was in trouble, and who did not give him the proper attention and treatment.

One of the lifeguards was Frank Baty, about eighteen years of age. He lived with his mother in Parsons. She had his custody and control and was his natural guardian. A few months later he enlisted in the Citizens' Conservation Corps of the United States government, and by the officials in that organization was placed in camp in Wilson county.

This action was filed in Wilson county May 5, 1938. A summons was issued and served on Frank Baty in Wilson county. Thereafter summons was issued to the sheriff of Labette county and served upon "Florence Baty, mother and natural guardian of Frank Baty, a minor." Summons was also issued in Wilson county and sent to the sheriff of Labette county and served upon all of the other defendants.

Appellants argue that in their petition a joint liability is stated against all the defendants; that the action is one transitory in its nature and may be brought in the county in which some one of the defendants resides, or may be summoned (G. S. 1935, 60-509); that Frank Baty is one of the parties defendant charged with negligence; that they got good service of summons upon him in Wilson county, and that under G. S. 1935, 60-2502, they were then authorized to send summons to Labette county to be served upon other defendants. These contentions may be conceded, with the exception of the contention that a valid service was had upon Frank Baty. That is the real controversy in this appeal. Our statute pertaining to service of process on minors or other incompetent persons, so far as here pertinent, reads:

"In any proper case service may be made on minors, insane and other incompetent persons by a summons personally served or by publication notice as provided in this code, the same as upon other persons defendants in action. If there be a natural or legally appointed guardian for such minor, insane or incompetent person, service shall also be made in the same manner upon such guardian." (G. S. 1935, 60-408.)

In this case the defendant Frank Baty had a natural guardian, his mother. Under this statute the service of process upon the minor or incompetent alone is not sufficient. (*Suter Bros. v. Hebert,* 133 Kan. 262, 299 Pac. 627.) Neither is the service upon the natural or legally appointed guardian alone sufficient. (*Mark v. Keightley,* 133 Kan. 101, 298 Pac. 783.) The service must be made upon both.

(*Poorman v. Carlton,* 122 Kan. 762, 253 Pac. 424; *Suter Bros. v. Hebert,* 138 Kan. 317, 26 P. 2d 591; *Fidelity State Bank v. Kirk,* 139 Kan. 491, 32 P. 2d 239.)

Appellants argue that when a minor is a real defendant that the only purpose in serving his guardian is that the guardian may know that the minor has been sued, and they cite cases from other jurisdictions tending to support that view. These cases are not very helpful. Naturally, the courts of each state construe their own statutes. Under our statute, in order for service to be complete upon a minor, summons must be both upon him and upon his guardian, if he has one. In this respect our own statute has been changed, as some of the cases above cited disclose.

So far as the trial court exercised discretion in ruling upon the motion to set aside the service, this discretion was not abused. Clearly, the natural venue for this action is in Labette county. Plaintiffs would have no difficulty in getting complete service upon some, perhaps all, of the defendants there.

The judgment of the court below is affirmed.