No. 38,121

Francis Pierson, *Appellee*, v. Kenneth Brenneman, *Appellant*.

(229 P. 2d 1019)

Opinion filed April 7, 1951.

*Robert T. Patterson*, of Columbus, and *P. E. Nulton* and *R. L. Letton*, both of Pittsburg, were on the briefs for the appellant.

*Fayette Rowe*, of Columbus, was on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal arises out of an action to recover for the alleged breach of an oral contract of employment.

The original petition, which named A. M. Brenneman and Kenneth Brenneman as defendants, was framed on the theory the contract of employment was entered into between plaintiff and Kenneth, the latter being engaged in a joint enterprise with the other defendant; that on the date of the contract Kenneth was a minor but was engaged in business as an adult, and that plaintiff had good reason to and did believe him to be capable of contracting so as to bring the contract within the provisions of G. S. 1949, 38-103. The action was later dismissed as to A. M. Brenneman and plaintiff filed an amended petition only as to defendant Kenneth, the allegations of which, for our purposes, can be said to be substantially the same as those of the original petition. Kenneth answered and, among other things, alleged that at the time the contract of employment was entered into he was eighteen years of age, was not doing business as an adult, and denied that plaintiff had any reason to believe him capable of contracting.

The cause proceeded to trial by a jury which returned a verdict for plaintiff in the amount of $590. Defendant's motion for a new trial was overruled; judgment was entered upon the verdict, and defendant has appealed, specifying as error the action of the lower court in overruling his demurrer to plaintiff's evidence, his motion for new trial, and in entering judgment upon the verdict.

After the appeal was taken it appears that additional counsel entered the case in behalf of defendant, and in their brief in this court raise, for the first time, the question of the jurisdiction of the lower court to render the judgment on account of noncompliance with statutory requirements relating to service of process on a minor. We are told by both parties that A. M. Brenneman is the father of Kenneth. The record shows that when the action was originally filed counsel for plaintiff filed a praecipe requesting that summons be issued ". . . for the following defendants: A. M. Breneman and Kenneth Breneman in the foregoing entitled cause . . ." The return of the sheriff shows that service was had on the elder Brenneman by delivery to him of a copy of the summons, and that service on Kenneth was had by leaving a copy thereof at his usual place of residence. No question is raised concerning the misspelling of the name Brenneman in either the praecipe or summons.

The amended petition, which, as heretofore stated, named only Kenneth as defendant, alleged:

"That the said Kenneth Breneman is of the age of approximately twenty years."

In other words, by the very language of his amended petition plaintiff states that defendant was a minor as of the date of filing such pleading. In passing, it should be noted that the evidence disclosed defendant would not be twenty-one years of age until June 7, 1950. Trial was had in January, 1950, and judgment was entered on March 1, 1950.

We thus have this situation: Plaintiff filed suit against the two defendants, father and son, in their individual capacities. Each was served with summons. The father was served in his individual capacity as a defendant and not in his capacity as natural guardian of his minor son. The action was later dismissed as to the father. No guardian *ad litem* was ever appointed for Kenneth, and all proceedings against him, commencing with service of summons and ending with the rendition of judgment, were the same as though he were an adult, notwithstanding the fact that during all stages of the proceedings he was a minor.

Counsel for defendant frankly concede the question was not raised in the lower court but contend that it constitutes more than a mere trial error, and that they thus have a right to raise such jurisdictional question on appeal, notwithstanding the fact the trial court was not afforded an opportunity to pass upon the matter. In our opinion the contention is well taken.

It is elementary that in order to render a valid judgment a court must acquire jurisdiction of the parties. As to a minor defendant, jurisdiction is acquired through service of process as provided by the statute (G. S. 1949, 60-408), the applicable portions of which read:

"In any proper case service may be made on minors, . . . by a summons personally served or by publication notice as provided in this code, the same as upon other persons defendants in action. If there be a natural or legally appointed guardian for such minor, . . . service shall also be made in the same manner upon such guardian. . . ."

In the case before us the minor defendant had a natural guardian, his father. Under the statute service of process upon the minor alone was not sufficient, and neither would service upon the natural guardian alone be sufficient. The statute requires that service be had upon *both*. Neither can it be contended the service of process on the father in his individual capacity as a defendant constitutes service upon him as the natural guardian of his minor son. The legislature has the power to direct the manner in which service of process may be had on infants, and it has exercised that power in

14

plain and unambiguous language. Here there was a clear failure to follow the mandate of the statute and we have no hesitancy in holding that on account of such fact the court did not acquire jurisdiction to render the judgment against the minor defendant. (See *Poorman v. Carlton*, 122 K. 762, 253 Pac. 424; *Mark v. Keightley*, 133 Kan. 101, 298 Pac. 783; *Hurd v. Baty*, 149 Kan. 665, 88 P. 2d 1031; and *Godsoe v. Harder*, 164 Kan. 86, 187 P. 2d 515.)

And neither can it be contended that the minor, by answering and proceeding to trial, waived the lack of proper service of process. Under the well-established general rule he had no such authority. In 27 Am. Jur., Infants, § 140, p. 859, it is said:

"An infant can neither acknowledge nor waive the regular service of process upon him. Jurisdiction is not conferred by the appearance of the infant or by that of an attorney at law."

Our disposition of this case renders it unnecessary to take up and discuss the evidence upon which the jury returned its verdict, and neither is it necessary to discuss alleged errors occurring during the trial.

In conclusion, we hold that due to the failure to obtain service of process on the minor defendant in the manner provided by the statute the lower court acquired no jurisdiction over him and the judgment was a nullity. The judgment of the lower court is therefore reversed with directions to vacate and set aside the judgment.