No. 38,779

The State of Kansas, ex rel., Carlene McGhee, *Appellant,* v. Vernon Settlemeyer, *Appellee.*

(250 P. 2d 830)

Opinion filed December 6, 1952.

*Wayne Loughridge,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *Owen S. Samuel,* of Emporia, and *Clark Howerton,* of Garnett, were with him on the briefs for the appellant.

*Gwinn G. Shell,* of Garnett, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal involves the validity of a post-trial order in a bastardy proceeding instituted under article 23, chapter 62, G. S. 1949.

On October 23, 1951, defendant was by a jury found to be the father of the illegitimate child of relatrix. On December 13, 1951, his motion for a new trial was overruled, judgment was entered upon the verdict, he was ordered to pay the sum of $210 within ten days from date for the maintenance and education of the child, and further ordered to pay the sum of $420 each year in monthly installments of $35 each, the year to commence as of that date, and to pay the costs of the action. Pursuant to the provisions of G. S. 1949, 62-2313, the court made a further order that:

"It Is Further Ordered, Adjudged and Decreed that the defendant give bond to secure the payment of said judgment with good and sufficient sureties

to be approved by the Clerk of the above court and that if the defendant fail to furnish bond that he be committed to the County Jail until said bond is furnished."

Defendant failed to furnish bond as ordered and on December 13, 1951, was committed to the county jail.

On March 3, 1952, defendant, who had been in jail continuously since the date of his commitment, applied for a "parole." Following a hearing on this application the court ordered that he be released upon the following basis:

"It Is THEREFORE BY THE COURT ORDERED, CONSIDERED, ADJUDGED AND DECREED, that the said defendant be paroled and be permitted to go at large upon the posting of a bond in the sum of SIX HUNDRED DOLLARS ($600.00), provisions of said bond being that said defendant appear in the District Court of Anderson County, Kansas, at any future time the said court shall order. This order shall in no wise affect the payments as heretofore ordered by the court."

Defendant immediately furnished such a bond, the conditions of which read:

"Now, therefore, the conditions of this obligation are such that if the said Vernon Settlemeyer make his personal appearance in said court whenever ordered to do so by the judge of said court, then this recognizance shall be void; otherwise, shall remain in full force and effect."

and was released from jail.

Plaintiff has appealed and specifies as error the order of the lower court granting a "parole" to defendant and in modifying the original judgment by permitting him to be released from custody upon the furnishing of an "appearance bond" in lieu of the bond required by statute. In passing, it should be noted that defendant has not appealed from any orders or judgments in the action.

The question, therefore, is whether the lower court, under the facts disclosed by this record, had authority to release defendant upon the filing of the so-called "appearance bond."

It is conceded that during the period from December 13, 1951, until March 3, 1952, while defendant was confined in the county jail, he paid nothing on the judgment. He contends he was without funds and that while confined was unable to earn anything. (At the oral argument of this appeal we were advised that he has not paid anything on the judgment since his release from custody on March 3, 1952.)

Plaintiff, on the other hand, contends that the statute, G. S. 1949, 62-2313, which reads:

"Such court shall, on such finding or confession, render such judgment and make such order as may seem just for securing the maintenance and education

to such child, by the annual payment to the mother, or if she be dead or an improper person to receive the same, to such other person as the court may direct, and of such sum or sums of money as the court may order, payable at such time or times as may be adjudged proper. The judgment shall specify the terms of payment, and shall require of such defendant, if he be in custody, to secure the payment of such judgment by good and sufficient sureties; or, in default thereof, he shall be committed to jail until such security is given."

is mandatory; that by its provisions the court had no discretion in the matter, and that the general parole powers conferred by G. S. 1949, 62-2201, *et seq.,* relating to criminal cases, have no application to a bastardy proceeding.

We think plaintiff's contentions are well taken.

By statute (G. S. 1949, 62-2303 and 2308) the trial of a bastardy proceeding is civil in nature. (See also *The State, ex rel., v. Stout,* 101 Kan. 600, 606, 168 Pac. 853.)

In the case of *In re Bolman,* 131 Kan. 593, 292 Pac. 790, it was said:

"The bastardy act is a statute separate from codes of civil or criminal procedure, enacted for the purpose, as indicated by its title, of 'providing for the maintenance and support of illegitimate children.' To accomplish that purpose it provides a procedure of its own. This procedure is outlined in the statute itself, step by step, so far as the legislature deemed it necessary to do so, . . ." (p. 597.)

We think the statute (G. S. 1949, 62-2313, *supra*) is clear and leaves no room for doubt concerning the power of a trial court with respect to the enforcement of a judgment for the maintenance and education of a bastard child. By its provisions the judgment shall specify the terms of payment and shall require the defendant to furnish bond with good and sufficient sureties to secure the payment thereof, or in default of such bond defendant is to be committed to jail until it is furnished.

The order of December 13, 1951, appears to have complied with the statute in all respects. Under that order defendant could have secured his immediate release by filing the bond required. He failed to do so. The "parole bond," under which he was ultimately released, merely provided for his personal appearance in court whenever so ordered. It did not comply with the statutory requirement. We take note of the fact that G. S. 1949, 62-2314, provides that:

"No person adjudged to be the father of a bastard child shall be imprisoned for any failure to comply with any order, direction or judgment of the court or justice, for a term exceeding one year."

That section has no application to the question before us for the reason defendant was confined in jail less than three months.

Even though defendant has not appealed from any orders or judgments we have not overlooked his contentions, made for the first time in this appeal, that the trial and proceedings below were a nullity for the reason that as he is a minor it was necessary that service of process on him and his natural guardian be had in conformity with G. S. 1949, 60-408 (*Pierson v. Brenneman,* 171 Kan. 11, 229 P. 2d 1019), and for the further reason that no guardian *ad litem* was appointed for him before or during the trial.

Both of these contentions are without merit. In the first place, jurisdiction of a defendant in a bastardy case is obtained by the issuance of a warrant and an arrest thereunder (G. S. 1949, 62-2301) rather than by service of process under the civil code. Here the defendant was arrested under a warrant, and G. S. 1949, 60-408, and the rule announced in the Pierson case, *supra,* have no application.

With reference to the failure to appoint a guardian *ad litem,* it appears the facts are these: Defendant was eighteen years old at the time of trial. Throughout the whole proceedings, in both justice court and the district court, he was represented by two competent attorneys, one of whom represents him in this appeal. Except for a brief period when, together with other witnesses, they were excluded from the courtroom until after they had testified, his parents sat with him in the courtroom throughout the trial. Both testified in his behalf. No question was raised concerning his minority and the lack of a guardian *ad litem.*

In *The State, ex rel., v. Lyons,* 104 Kan. 702, 180 Pac. 802, it was said:

"The defendant in a bastardy proceeding, who was under seventeen years of age at the time of the trial, made no request for the appointment of a guardian *ad litem.* He was represented by able counsel, and his parents, who were present in court. *Held,* that the record discloses no error in failing to appoint a guardian *ad litem.*" (Syl. ¶ 4.)

In conclusion, we hold that the lower court was without power to "parole" defendant on the "appearance bond," the conditions of which did not comply with the requirements of G. S. 1949, 62-2313. The order is therefore reversed and set aside.