**UNITED STATES of America, Plaintiff,**

v.

**Kevin M. O'GILVIE, and Stephanie L. O'Gilvie, Defendants.**

**No. 92–1358–PFK.**

United States District Court, D. Kansas.

June 25, 1993.

Noreene C. Stehlik, Office of Sp. Litigation, Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Linda D. King, Wichita, KS and John C. King, Law Offices of John C. King, Ltd., Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

The government's complaint seeks return of allegedly erroneous income tax refunds made to defendants. Defendants, two minors aged 11 and 12, were given a jury award in the form of punitive damages for the wrongful death of their mother from toxic-shock syndrome. The minors initially paid income tax on the award. Defendants later filed amended tax returns for the year 1988 seeking refunds for taxes paid. The refunds were made to defendants on July 9, 1990.

Defendants moved for dismissal of the government's complaint based on unsatisfactory service of process by the government. The case concerns a question of first impression before this court and is the first case to construe the new statutory requirements concerning service of process upon minors.

Federal law requires that service of process be made in accordance with state law. Fed.R.Civ.P. 4(d)(2). Thus, Kansas service of process statutes control the adequacy of process in this case.

Under Kansas law, service upon a minor shall be accomplished by

> serving the minor and also either the minor's guardian or conservator if the minor has one within the state or the minor's father or mother or other person having the minor's care or control or with whom such minor resides, or if service cannot be made upon any of them, then as provided by order of the judge.

K.S.A. § 60–304(b).

The "and also" language of the statute establishes a two-part service requirement. First, there must be service of process upon the minor. Second, various other people may be served in fulfillment of the second prong of the service requirements: a parent, guardian, conservator, one with whom the minor resides, or someone who exercises care or control over the minor. There is no question in this case that defendants' conservator

was served, and therefore the second prong of the service requirement has been satisfied. The issue before the court concerns whether or not defendant minors were properly served.

In ascertaining whether the defendants were properly served, this court must first look to related statutory provisions and determine what constitutes "service" on a minor. K.S.A. § 60–304 states that "serving" means making service by any of the methods described in K.S.A. § 60–303. One method of service is by certified mail. K.S.A. § 60–303(b). The other methods are by personal and residence service:

> Personal service shall be made by delivering or offering to deliver a copy of the process and accompanying documents to the person to be served. Residence service shall be made by leaving a copy of the process and petition, or other document to be served, at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion residing therein. If service cannot be made upon an individual, other than a minor or a disabled person, by personal or residence service, service may be made by leaving a copy of the process and petition ... at the defendant's dwelling house or usual place of abode....

K.S.A. § 60–303(c).

The statutory language is clear. Service of process can be accomplished upon a minor by personal service, which is giving process to the minor directly, or by residence service, which is performed by leaving the process with someone of suitable age residing at the minor's residence. If neither is possible, service will be improper in the case of a minor if a copy of the process is merely left at the minor's home.

In this case, the government satisfied the service requirement be means of residence service. The government left the service of process with the defendants' father. Because defendants' father is someone of "suitable age and discretion" residing at defendants' dwelling house, service of the father satisfies the requirement that the minor be served. Such actions, while perhaps not ideal, clearly satisfy the plain meaning of the statute.

Defendants argue that residence service on a minor is disallowed under Kansas law. This argument is unpersuasive in light of the statute just cited by the court. The statute, in the section cited by the court, describes personal and residence service. The section does, however, describe a third alternative whereby the process server may simply leave the process at the residence of the person. When detailing this alternative method, the statute clearly states that this method is unavailable in the case of minors. The implication from this limitation is obviously that the two other types of service—personal service or residence service when process is left with a suitable person residing in the home— are acceptable in the case of minors.

Defendants continue their argument by stating that K.S.A. § 60–304(b) provides specific rules for serving minors and that only those rules apply. Again, defendants fail to properly read the statute. K.S.A. § 60–304(b) gives specific guidelines for serving minors. The section stipulates that the minor and someone else, a guardian or parent, must be served in order to have satisfactory service. That section, however, does not discuss the ways in which the service may be performed. To understand the acceptable methods of service, one must look to K.S.A. § 60–303. Under that section, this court understands that either residence or personal service are appropriate in the case of minors.

Both parties cite only a small amount of case law to support their positions. The problem with the case law, however, is that it addresses different statutes from the one presently before the court. *See Pierson v. Brenneman,* 171 Kan. 11, 229 P.2d 1019 (1951) (dealing with G.S. 1949, 60–408); *Godsoe v. Harder,* 164 Kan. 86, 187 P.2d 515 (1947) (referring to G.S. 1935, 60–408). These are the two cases debated in the parties' briefs. The problem with the cases is that the statutory requirements for service of process bear little resemblance to the requirements in the statute at issue before this court. Thus, the parties can draw only weak implications from these cases. There is no

case law directly discussing the statute before this court.

The United States has submitted evidence of the U.S. Marshal's return of service documents showing that the summons and complaint were given to the father of defendants. (Pltf.'s Ex. F.) The U.S. Marshal has checked the box on the return of service form which indicates that the process was left with someone of suitable age. K.S.A. § 60–303 requires that residence service be performed by leaving process with someone of suitable age. Plaintiff did so in this case. Given the statutory requirements of Kansas law regarding service of process, plaintiff fully and properly served process.

IT IS ACCORDINGLY ORDERED 1993, that defendants' motion to dismiss (Dkt. No. 10) based on unsatisfactory service of process by the government is hereby denied.